IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-509-BO-KS

CHRISTY YOUNG, )
   Plaintiff, )
      )
v. )    O R D E R
      )
MARTIN O'MALLEY, )
*Commissioner of Social Security*, )
   Defendant. )

This cause comes before the Court on plaintiff's complaint seeking review of the final

decision of the Commissioner of Social Security and entry of judgment in her favor. Plaintiff filed

a brief pursuant to the Supplemental Rules for Social Security and defendant filed a motion to

remand, which plaintiff opposes. A hearing was held before the undersigned on February 15, 2024,

at Edenton, North Carolina and the matters are ripe for ruling. For the reasons that follow, the

motion to remand is granted.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of

the Commissioner denying her application for disability and disability insurance benefits pursuant

to Title II of the Social Security Act. Plaintiff filed her application on January 11, 2016. Plaintiff

received her first unfavorable decision from an administrative law judge (ALJ) in August 2018.

Plaintiff sought judicial review, and the decision was remanded for further proceedings. Tr. 1453.

Plaintiff proceeded to a second hearing before an ALJ, who and again issued an

unfavorable decision. Tr. 1302-22. Plaintiff then sought review of that decision in this Court.

DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe

2

impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment or combination of impairments meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his or her age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he or she is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff last met the insured status requirements on September 30, 2015, and that she did not engage in substantial gainful activity from her alleged onset date through her date last insured (DLI). The ALJ found that through the date last insured (DLI) plaintiff's cervical spine degenerative disc disease, lumber spine degenerative disc disease status post discectomy and fusion without evidence of hardware failure, bilateral knee degenerative joint disease, bilateral elbow ligament strain, and migraine headaches were severe impairments at step two but that either alone or in combination plaintiff's impairments did not meet or medically equal a Listing at step three. The ALJ found that through the DLI plaintiff had the RFC to perform a reduced range of light work with limitations. The ALJ determined that plaintiff was unable to perform her past relevant work as a cake decorator but that, based upon her age, education, work experience, and RFC, there were jobs which existed in significant numbers in the national economy which plaintiff could perform. Those jobs included furniture rental clerk, investigator, dealer accounts, and usher. Accordingly, the ALJ determined plaintiff was not disabled through the date of her decision.

3

Defendant asks that this matter be remanded pursuant to sentence four of § 405(g) for further fact finding. Defendant contends that there is conflicting evidence in the record and that remand to a factfinder is necessary.

Plaintiff opposes remand, arguing that plaintiff meets the criteria for Listing 12.06 based on her anxiety disorder and that reversal for an award of benefits is appropriate. In doing so, plaintiff relies on a Mental Residual Functional Capacity Assessment completed by her treating clinical social worker. Tr. 681-684. However, at the most recent ALJ hearing, an impartial medical expert testified that the record does not support that plaintiff's symptoms would meet the Listing 12.06 criteria until May 2018, well-after her DLI. *See* Tr. 1340; 1720.

Accordingly, despite the length of time that plaintiff's claim has been pending, and the fact that she has already participated in two hearings before ALJs, the Court determines that remand of this action is the appropriate remedy, rather than reversal, due to the conflicting evidence in the record. *See Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013). As defendant suggests, the Court directs that a new ALJ be assigned who will reevaluate the evidence, with a particular focus on plaintiff's mental impairments, reevaluate the RFC, obtain supplemental vocational evidence as necessary, and issue a new decision.

## CONCLUSION

For the foregoing reasons, defendant's motion to remand [DE 16] is GRANTED. This action is hereby REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is DIRECTED to enter judgment and close the case.

SO ORDERED, this 2 6 day of March 2024.

Terrence Boyle

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4